**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DONTE DESHAWN ALSTON, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:17-CR-0399-ELR-CMS-1 |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:20-CV-4699-ELR-CMS |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion [Doc. 59], Respondent's response [Doc. 61], and Movant's reply [64]. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability are due to be denied.

**I.   Background**

Movant was convicted for armed bank robbery, 18 U.S.C. §§ 2113(a) and (d), and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1), and received a total 121 month sentence. See United States v. Alston, 795 F. App'x 659, 660 (11th Cir. 2019). On direct appeal, Movant argued, *inter alia*, that armed robbery

is not a crime of violence.  Id.  Movant acknowledged that In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016), holds that armed bank robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A) but nonetheless argued (1) that armed robbery is not a crime of violence under § 924(c)(3)(A)'s elements clause because, using the categorical approach, the armed bank robbery statute covers conduct that does not qualify as the use or attempted/threatened use of physical force and (2) that the Eleventh Circuit's prior precedent rule violates due process.  Br. of Appellant at 12-29, Alston, 795 F. App'x 659 (No. 18-14077-A), 2019 WL 3231791.  The Eleventh Circuit Court of Appeals rejected Movant's argument and held that his claim was foreclosed by binding precedent.  Alston, 795 F. App'x at 661 (citing In re Hines, 824 F.3d at 1337).  On June 8, 2020, the United States Supreme Court denied *certiorari*.  Alston v. United States, _ U.S. _, 141 S. Ct. 104 (2020).  On November 17, 2020, Movant filed the instant § 2255 motion.  [Doc. 59].

**II.** **Standard under 28 U.S.C. § 2255**

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C.

2

§ 2255. The § 2255 movant bears the burden to establish his or her right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited. When "a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014) (quoting United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)). "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]" United States v. Frady, 456 U.S. 152, 164, 166 (1982).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)). Movant has not alleged facts that, if true, warrant relief, and he is not entitled to an evidentiary hearing.

### III.  Discussion

In his § 2255 motion to vacate, Movant again asserts that bank robbery is not a crime of violence under § 924(c)'s elements clause and that, using the categorical approach, the armed bank robbery statute covers diverse means of committing the crime, which prevents it from qualifying as a crime of violence. [Doc. 59 at 4].

3

Respondent argues that Movant's claim was raised and rejected on direct appeal and that, therefore, relitigation of the matter in his § 2255 motion is precluded. [Doc. 61 at 5-6]. In reply, Movant again refers to the fairness of the prior precedent rule and reiterates his argument on use of the categorical approach when elements of the offense encompass violent and non-violent means of commission. [Doc. 64 at 2-4]. Movant states that the issue "could not be properly addressed on direct appeal" and that the Eleventh Circuit Court of Appeals did not address whether bank robbery constituted a crime of violence under § 924(c)(3)(A). [Id. at 4].

Movant does not show that the Eleventh Circuit Court of Appeals failed to address his claim. The appellate court did address Movant's claim, and it found that his claim was foreclosed based on binding precedent. This Court cannot second-guess that decision, and Movant's § 2255 motion fails.

IV.   **Certificate of Appealability (COA)**

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, set aside, or correct his federal sentence [Doc. 59] and a certificate of appealability be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 10th day of June, 2021.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE